UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>  v.<br><br>MONTARICO JOHNSON,<br><br>       Defendant. | Case No. 12-cr-40004-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Montarico Johnson's motion for judgment of acquittal or, in the alternative, for a new trial (Doc. 65). On June 26, 2012, a jury returned a verdict finding Johnson guilty of one count of distributing crack cocaine (Count 1) and one count of possessing a firearm as a felon (Count 2). The government has responded to the motion (Doc. 66).

**I.    Standards**

    A.    Judgment of Acquittal

A court should grant a motion for judgment of acquittal "if the evidence is insufficient to sustain a conviction" for the offenses charged. Fed. R. Crim. P. 29(a). The Court may grant the motion only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of an essential element of the crime charged. In other words, a court should grant the motion only if no rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. *United States v. Peters*, 277 F.3d 963, 967 (7th Cir. 2002) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The Court must remember that "it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts and draw reasonable

inferences." *United States v. Reed*, 875 F.2d 107, 111 (7th Cir. 1989). However, while the Court defers to the jury's weighing of the evidence and its drawing of reasonable inferences, it must remember that "each link in the chain of inferences must be sufficiently strong to avoid a lapse into speculation." *Peters*, 277 F.3d at 967 (further citations omitted).

  B. <u>New Trial</u>

  A court may vacate a judgment and grant a defendant a new trial if the interest of justice so requires. Fed. R. Crim. P. 33(a). The decision to grant a new trial is within the Court's discretion. *See United States v. Ervin*, 540 F.3d 623, 630 (7th Cir. 2008). In deciding whether to grant a new trial, the Court "may weigh evidence, evaluate credibility, and grant the motion if 'the substantial rights of the defendant have been jeopardized.'" *United States v. Eberhart*, 388 F.3d 1043, 1052 (7th Cir. 2004) (quoting *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989)), *reversed on other grounds*, 546 U.S. 12 (2005). When a motion for a new trial is based on the sufficiency of the evidence, the Court should grant a new trial only if the verdict is against the manifest weight of the evidence. *United States v. Alanis*, 265 F.3d 576, 591 (7th Cir. 2001). As with motions for judgment of acquittal, in making this determination the Court considers the evidence in the light most favorable to the government. *Id.*

**II.** **Analysis**

  Johnson asks the Court to grant him relief because (1) the Court gave Government's Proposed Jury Instructions 19 and 20, (2) the Court failed to allow defense counsel to use demonstrative exhibits during closing arguments, (3) the jury returned a guilty verdict based on insufficient evidence of guilt, (4) the Court failed to grant a directed verdict during the trial and (5) the Court found that agent Matthew R. Inlow was an expert and allowed him to testify about the manufacturing and travel of the firearm in issue.

A.     Government's Jury Instructions 19 and 20

Government's proposed jury instruction 19 is the Seventh Circuit pattern instruction for felon in possession of a firearm listing as one of the elements, "that the firearm possessed by the defendant had traveled in interstate commerce prior to defendant's possession of it on [the relevant] date." *Seventh Circuit Federal Jury Instructions: Criminal* 232-3 (1999). Government's proposed jury instruction 20 is the Seventh Circuit pattern instruction defining commerce for the purposes of a felon in possession charge:

> A firearm has traveled in interstate commerce if it has traveled between one state and any other state or across a state boundary line. The government need not prove how the firearm traveled in interstate commerce or that the firearm's travel was related to the defendant's possession of it or that the defendant knew the firearm had traveled in interstate commerce.

*Seventh Circuit Federal Jury Instructions: Criminal* 234 (1999)

Johnson argues that the gun he was charged with possessing had long since left the flow of interstate commerce, that his connection with the gun occurred entirely within the state of Illinois and that his possession of the gun was not in and did not affect interstate commerce. He believes he should therefore be acquitted of or receive a new trial on Count 2. He bases his argument on *United States v. Lopez*, 514 U.S. 549 (1995), in which the Supreme Court recognized limits Congress's power to legislate under the Commerce Clause.

The Government argues the jury instructions given are accurate statements of the law regarding the required nexus with interstate commerce in a felon in possession case.

The Government's proposed jury instructions 19 and 20 are accurate statements of the law. To satisfy the interstate commerce requirement for a conviction under 18 U.S.C. § 922(g)(1), it is sufficient that the firearm had at some time crossed a state boundary even if the defendant was not connected with the crossing and even if he did not know about it. *See United States v. Sarraj*, 665

F.3d 916, 921 (7th Cir. 2012) ("a firearm's single past journey across a state line satisfies the interstate commerce element of section 922(g)(1)"); *United States v. Rice*, 520 F.3d 811, 815 (7th Cir. 2008) ("as long as a firearm moved across state lines at some point prior to the defendant's possession of it, the possession satisfies § 922(g)(1)'s 'in or affecting commerce' requirement"). "[T]he required interstate nexus under section 922(g)(1) can be established 'merely by evidence that the gun was manufactured outside the state in which it was possessed,' from which we infer that the gun must have traveled in interstate commerce at least once." *Sarraj*, 665 F.3d at 921. Furthermore, "the defendant need not have been involved with bringing the gun into the state, nor is there a time limit or other requirement of a temporal link between the interstate movement and the defendant's possession." *Id.* This is so notwithstanding *Lopez*. *Id.* This is what Government's proposed instructions 19 and 20 stated, and they were correct.

For these reasons, Johnson is not entitled to judgment of acquittal or a new trial because the Court gave the Government's proposed jury instructions 19 and 20.

B.  Demonstrative Exhibits

Johnson argues the Court erred when it failed to allow his counsel to use an item of demonstrative evidence – specifically, a picture of a purported counterfeit firearm from the internet – in his closing argument. He wanted to use the evidence to support an argument that the Government had not proved Johnson possessed a real, as opposed to a counterfeit, gun. The Court ruled that counsel could not use the evidence because it had not been admitted at trial. The Government believes the Court was correct because closing arguments are limited to the facts in evidence and the inferences that can be drawn from that evidence.

The Government is correct that closing arguments are limited to the evidence presented in the case and the inferences that can reasonably be inferred from that evidence. Closing arguments

are not the time to introduce new evidence outside the evidentiary safeguards of the Federal Rules of Evidence. *United States v. Doyle*, 771 F.2d 250, 258 (7th Cir. 1985) ("It is a fundamental rule that closing arguments are limited to facts in evidence. . . . Counsel may also make arguments, however, 'reasonably inferred from the evidence presented.'"); *see, e.g., U.S. v. Klebig*, 600 F.3d 700, 718-20 (7th Cir. 2009) (prosecutor improperly presented new evidence in closing arguments).

It is undisputed that the internet picture of the purported counterfeit firearm was not admitted as evidence during Johnson's trial. And although during the trial a witness admitted that counterfeit guns existed, no foundation was ever laid to establish that the internet picture counsel sought to use was actually what it purported to be. The Court was right to not allow counsel to use the unadmitted picture in closing arguments. Had the Court allowed its use, the jury would have been exposed to evidence that had not been tested in the adversarial process and had not satisfied the standards set forth in the Federal Rules of Evidence.

Johnson is not entitled to judgment of acquittal or a new trial because the Court did not let his counsel use unadmitted evidence in his closing arguments.

  C. <u>Sufficiency of the Evidence and Directed Verdict</u>

Johnson believes the evidence was insufficient to support his conviction beyond a reasonable doubt and that the Court erred in not entering judgment of acquittal on that basis during the trial.

The Court declines to grant Johnson's motion for judgment of acquittal or motion for a new trial based on the sufficiency of the evidence. The Court has reviewed the evidence and has determined that there is more than sufficient evidence which, if believed by the jury, would establish that Johnson distributed crack cocaine as charged in Count 1 and that he was a felon in possession of a firearm as charged in Count 2. Viewing the evidence in the government's favor, a

rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt, and it is clear that the guilty verdict was not against the manifest weight of the evidence.

### D. Expert Testimony

Johnson believes the Court erred in finding Government's witness Matthew R. Inlow, a special agent from the Bureau of Alcohol, Tobacco and Firearms, was qualified to give expert testimony about the origin and travel of the firearm at issue in Count 2. He points to Inlow's lack of knowledge about counterfeit guns and how to distinguish them from real guns.

The Government argues that Inlow was not offered as an expert in the area of differentiating real from counterfeit guns but only as an expert in the origin and travel of firearms, for which he was qualified by his training and experience.

For the purposes of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), Inlow was qualified as an expert based on his training and experience to give an opinion that the gun in this case was manufactured outside of Illinois. In giving his opinion, he relied on the type of information experts in that field reasonably rely on and based his opinion on sufficient facts and data to which he applied reliable principles and methods to determine the origin of the firearm. As has been done in other firearm cases, *see United States v. Conn*, 297 F.3d 548, 556 (7th Cir. 2002), his testimony was properly admitted to establish that a firearm had traveled in interstate commerce. Johnson is not entitled to judgment of acquittal or a new trial on this basis.

## III. Conclusion

For the foregoing reasons, the Court finds that the interest of justice does not require a new trial of either count and that the evidence was sufficient to sustain a conviction on both counts.

Accordingly, the Court hereby **DENIES** Johnson's motion for judgment of acquittal or, in the alternative, for a new trial (Doc. 65).

**IT IS SO ORDERED.**
**DATED:  September 18, 2012**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
