IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO.  12-cr-40004-JPG |
| ) | |
| MONTARICO C. JOHNSON, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is a *pro se* motion from defendant Montarico Johnson seeking copies of the docket sheet in his criminal case (Doc. 104).  He claims to need the docket sheet to prepare a brief in his appeal.  Johnson filed this motion *pro se*, although he is represented by counsel.  A defendant does not have a right to file his own motions when he is represented by counsel.  *See Hayes v. Hawes*, 921 F.2d 100, 102 (7th Cir. 1990) (*per curiam*).  "Representation by counsel and self-representation are mutually exclusive."  *Cain v. Peters*, 972 F.2d 748, 750 (7th Cir. 1992).  So-called "hybrid representation" confuses and extends matters at trial and in other proceedings and, therefore, it is forbidden.  *See United States v. Oreye*, 263 F.3d 669, 672-73 (7th Cir. 2001).  The Court may strike as improper any such *pro se* motions.  *See, e.g., United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998).  Furthermore, the Court has reviewed the docket sheet in Johnson's appeal (No. 12-3229) and has determined that there is no *pro se* brief due from Johnson at this time for which the docket sheet would be necessary.  The Court hereby **ORDERS** that Johnson's motion (Doc. 104) be **STRICKEN**.  If Johnson wishes to purchase a copy of the docket sheet for his own personal use, he may contact the Clerk of Court to find out how much it will cost.

    IT IS SO ORDERED.
    DATED:  April 16, 2013

                                            s/ J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **UNITED STATES DISTRICT JUDGE**